**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KAJAL SHETH,<br><br>                          **PLAINTIFF,**<br>   **vs.**<br><br>**HARRAH'S ATLANTIC CITY OPERATING COMPANY, LLC DBA HARRAH'S RESORT ATLANTIC CITY, CAESARS ENTERTAINMENT CORP, JOHN DOES (1-20), FICTITIOUS NAMES), ABC CORPORATIONS (1-10), XYZ PARTNERSHIPS; (FICTITIOUS NAMES)**<br><br>                **DEFENDANTS,** | **CASE NO.  1:21-CV-2496** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, Petitioners, Harrah's Atlantic City Operating Company, LLC d/b/a Harrah's Resort Atlantic City and Caesars Entertainment, Inc. (hereinafter collectively "Movants"), by and through its counsel, Reilly, McDevitt & Henrich P.C., hereby removes the above-captioned state court action, currently pending in the Superior Court of New Jersey, Law Division, Atlantic County, to the United States District Court for the District of New Jersey.  In support of removal, Movants respectfully state as follows:

## BACKGROUND

1. Kajal Sheth ("Plaintiff") filed an action on or about December 7, 2020, Case No. ATL-L-003764-20, in the Atlantic County Superior Court (the "State Court Action"). See a true and correct copy of Plaintiff's Complaint, attached hereto as Exhibit "A."

2. The Complaint alleges that Plaintiff suffered harassment, false imprisonment and assault and battery while she was a patron at Harrah's Resort Atlantic City located at

777 Harrah's Boulevard, Atlantic City, New Jersey, on or about December 29, 2019. <u>See</u> Exhibit "A".

3. Plaintiff's Complaint asserts harassment, negligence, false imprisonment, assault and battery against Movants and John Does. <u>See</u> Exhibit "A".

4. Plaintiff's Complaint did not plead a specific monetary amount of damages. <u>See</u> Exhibit "A".

5. Pursuant to New Jersey Court Rule 4:5-2, on or about January 5, 2021 the undersigned requested that Plaintiff provide a written statement of the amount of damages claimed. <u>See</u> a true and correct copy of the January 5, 2021 correspondence attached hereto as Exhibit "B".

6. On or about February 2, 2021, counsel for Plaintiff responded to the request for a written statement of the amount of damages claimed in this litigation and advised that "Plaintiff hereby demands Damages in the amount of $250,000.00". <u>See</u> a true and correct copy of the February 2, 2021 correspondence attached hereto as Exhibit "C".

7. Thirty (30) days from service of Plaintiff's statement of damages will be March 4, 2021.

8. Upon Movants' information and belief, no further proceedings have occurred in the State Court Action.

## BASIS FOR REMOVAL

9. Movants have a statutory right to remove cases based upon diversity of citizenship.  28 U.S.C. § 1332.

10. Specifically, 28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value

of $ 75,000, exclusive of interest and costs, and is between-- (1) Citizens of different States . . . ."

11. Upon information and belief, Movants' state that diversity of citizenship exists between the parties in controversy as follows:

   a. At the commencement of this action and the filing of the Complaint, upon information and belief, Plaintiff was a citizen of the State of New Jersey, residing in Atlantic County. See Exhibit "A".

   b. Harrah's Atlantic City Operating Company, LLC is a citizen of the State of Delaware and the State of Nevada. Specifically, Harrah's Atlantic City Operating Company, LLC is held by Caesars Holding, Inc. as sole member. Caesars Holding, Inc. was and is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located in Nevada.

   c. Caesars Entertainment Inc. is a citizen of the State of Delaware and the State of Nevada. Specifically, Caesars Entertainment Inc. is held by Caesars Holding, Inc. as sole member. Caesars Holding, Inc. was and is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located in Nevada.

12. Plaintiff seeks to recover in excess of $75,000, exclusive of interest and costs, in this matter, as Plaintiff has indicated in his response to the request for the statement of damages.  See Exhibit "C".

13. The thirty-day period for removal is triggered when Defendant first learns that the matter is removable. See Vartanian v. Terzian, 960 F.Supp. 58, 62 (D.N.J 1997); Nero v. Amtrak, 714 F. Supp. 753 (E.D. Pa. 1989); Presidential Dev. & Inv. Corp. v.

Travelers Ins. Co., 1989 U.S. Dist. LEXIS 14499, CIV. A. No. 89-6278, 1989 WL 147616 (E.D. Pa. Dec. 5, 1989); Moore v. City of Philadelphia, 1988 U.S. Dist. LEXIS 4339, CIV. A. No. 88-1424, 1988 WL 50382 (E.D. May 16, 1988), *appeal dismissed*, 865 F.2d 251 (3d Cir. 1988)).

14. Here, the thirty-day period for removal was not triggered until Plaintiff provided a representation of the value of the damages on February 2, 2021. See, Vartanian v. Terzian, 960 F.Supp. 58, 62 (D.N.J 1997).

15. In the instant case, Plaintiff's Complaint does not plead a specific monetary amount, but Plaintiff indicated that "Plaintiff hereby demands Damages in the amount of $250,000.00". See Exhibit "C".

16. Movants filed this Notice of Removal within thirty (30) days of receiving Plaintiff's response to the request for the statement of damages.

17. Therefore, this Court may properly remove the State Court Action based on diversity jurisdiction.

18. This Notice of Removal was not filed more than one year after commencement of the action. 28 U.S.C. § 1446(b).

19. The United States District Court for the District of New Jersey has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by reason of diversity jurisdiction of Plaintiff and Movants as set forth with greater particularity above.

20. Venue properly lies with this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a), as this action is presently pending in the Superior Court of New Jersey, Law Division, Atlantic County, located within the District of New Jersey.

21. In the interest of judicial economy and the fair adjudication of claims brought before the Court, Movants seek removal to this Court.

22. A written notice of the filing of this Notice of Removal has been given to all parties in accordance with as required by 28 U.S.C. §1446(d).

23. Promptly after filing in this court and the assignment of a civil action number, a true and correct copy of this Notice of Removal will be filed with the Clerk of Court for the Superior Court of New Jersey, Law Division, Atlantic County, as required by U.S.C. § 1446(d).  A copy of the notice to be provided to the Superior Court is attached hereto as Exhibit "D."

**WHEREFORE**, Movants, Harrah's Atlantic City Operating Company, LLC d/b/a Harrah's Resort Atlantic City and Caesars Entertainment, Inc., respectfully request that it may affect the removal of this action from the Superior Court of New Jersey, Law Division, Atlantic County to the United States District Court of New Jersey.

Respectfully submitted,

**REILLY, MCDEVITT & HENRICH, P.C.**

By: __ /s/ *Tracey McDevitt Hagan*_____
        Tracey McDevitt Hagan, Esquire
        Attorney for Defendants,
        Harrah's Atlantic City Operating Company, LLC
        d/b/a Harrah's Resort Atlantic City and Caesars
        Entertainment, Inc.

## <u>CERTIFICATION</u>

I certify that a true copy of the Plaintiff's Complaint filed in the Superior Court of New Jersey, County of Atlantic is attached hereto as Exhibit "A."  A copy of Defendants' Demand for a Statement of Damages is attached as Exhibit "B".  A copy of Plaintiff's Response to Defendants' Statement of Damages is attached as Exhibit "C". A copy of the notice to be provided to the Superior Court is attached hereto as Exhibit "D." A copy of all pleadings, process, and orders served on Defendants as required by 28 U.S.C. § 1446(a), are attached as Exhibit "E".

Respectfully submitted,

**REILLY, MCDEVITT & HENRICH, P.C.**

By: __ /s/ *Tracey McDevitt Hagan*_____
   Tracey McDevitt Hagan, Esquire
   Attorneys for Defendants,
   Harrah's Atlantic City Operating Company, LLC
   d/b/a Harrah's Resort Atlantic City and Caesars
   Entertainment, Inc.

Dated:  2/12/2021

## <u>CERTIFICATE OF SERVICE AND FILING</u>

       I, Tracey McDevitt Hagan, Esquire, attorney for Defendants, Harrah's Atlantic City Operating Company, LLC d/b/a Harrah's Resort Atlantic City and Caesars Entertainment, Inc., hereby certify that I served a true copy of the foregoing Notice of Removal via United States Regular mail on this date to the parties listed below:

**<u>Plaintiff Counsel</u>**

Christopher S. Lipari, Esquire
Lipari & Walcoff, LLC
1301 South Main Street
Pleasantville, NJ 08232

                    By: __ */s/ Tracey McDevitt Hagan* _____
                         Tracey McDevitt Hagan, Esquire
                         Attorneys for Defendants,
                         Harrah's Atlantic City Operating Company, LLC
                         d/b/a Harrah's Resort Atlantic City and Caesars
                         Entertainment, Inc.

Dated:  2/12/2021

EXHIBIT "A"

**Christopher S. Lipari, Esquire #019091997**
1301 South Main Street
Pleasantville, NJ 08232
(609) 645-9400
Attorneys for Plaintiffs

LEGAL DEPARTMENT

DEC 0 7 2020

12/7/20
Personally served DBrown

| | | |
|---|---|---|
| KAJAL SHETH, | : | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff(s) | : | LAW DIVISION / ATLANTIC COUNTY |
| vs. | : | |
| | : | |
| HARRAH'S ATLANTIC CITY OPERATING | : | *Civil Action* |
| COMPANY, LLC d/b/a HARRAH'S RESORT | : | |
| ATLANTIC CITY; CAESARS ENTERTAINMENT, | : | |
| INC.; JOHN DOES (1-10); ABC CORPORATIONS | : | DOCKET NO: ATL-L-003764-20 |
| (1-10); XYZ PARTNERSHIPS; Multiple, Fictitious | : | |
| Persons and Entities; Jointly, Severally and in the | : | |
| Alternative | : | **SUMMONS** |
| Defendant(s) | : | |
| | : | |

From The State of New Jersey To The Defendant Named Above: **Harrah's Resort Atlantic City**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro_se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deputyclerklawref.pdf.

Dated: November 20, 2020

/s/ *Michelle M. Smith*
Michelle M. Smith, Acting Clerk of the Superior Court

Name of Defendant to be served: **Harrah's Resort Atlantic City**
Address for Service: **777 Harrah's Blvd, Atlantic City, NJ 08401**

**LIPARI & WALCOFF, LLC**
**Christopher S. Lipari, Esquire #019091997**
1301 South Main Street
Pleasantville, NJ 08232
(609) 645-9400
Attorneys for Plaintiff

| | |
|---|---|
| KAJAL SHETH, | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION / ATLANTIC COUNTY |
| *Plaintiff(s)* : | |
| vs. | : *Civil Action* |
| | : |
| HARRAH'S ATLANTIC CITY OPERATING : | DOCKET NO: ATL-L- |
| COMPANY, LLC d/b/a HARRAH'S RESORT : | |
| ATLANTIC  CITY;  CAESARS : | **COMPLAINT, JURY DEMAND AND** |
| ENTERTAINMENT, INC.; JOHN DOES (1- : | **DESIGNATION OF TRIAL COUNSEL** |
| 10); ABC CORPORATIONS (1-10); XYZ : | |
| PARTNERSHIP; Multiple, Fictitious Persons : | |
| and Entities; Jointly, Severally and in the : | |
| Alternative | : |
| | : |
| *Defendant(s)* : | |
| | : |

Plaintiff Kajal Sheth, by way of Complaint against the defendant(s), states:

## THE PARTIES

1.      Plaintiff Kajal Sheth is an individual residing in Atlantic County, New Jersey.

2.      At all times referred to in this Complaint, the defendants Harrah's Atlantic City Operating Company, LLC d/b/a Harrah's Resort Atlantic City and Caesars Entertainment, Inc. owned, operated, controlled, managed and/or maintained the premises known as 777 Harrah's Boulevard, Atlantic City, New Jersey.

3.      At all times referred to this Complaint, the defendants John Does (1-10), ABC Corporations (1-10), and XYZ Partnerships are fictitious entities set forth under the New Jersey Court Rules which, at all times relevant hereto, owned, operated, controlled, maintained and/or managed the premises known as 777 Harrah's Boulevard, Atlantic City, New Jersey. Plaintiff, despite due diligence, has not had sufficient time to identify the correct name of the entity and,

therefore, names same under the New Jersey Court Rule. Plaintiff, in accordance with the Court Rules, will substitute the correct identity upon discovery of same.

### **GENERAL ALLEGATIONS**

1.     On or about December 29, 2019, plaintiff was a business invitee at defendants' premises.

2.     Plaintiff planned to enjoy a meal with her family at the hotel casino buffet.

3.     Plaintiff was accompanied by her husband, Cheyenne Rolls, father, Vipin Sheth, and mother, Shobhana Sheth.

4.     Plaintiff's parents were preferred customers with defendants.

5.     As part of plaintiff's parents' preferred status, they were entitled to tickets to enter the buffet.

6.     Plaintiff, her father, and her mother approached the registration area to pay and enter the buffet.

7.     They were provided a table for four individuals and walked to their seats.

8.     While sitting at the table, plaintiff noticed that her husband, Cheyenne Rolls, was speaking with the manager.

9.     Plaintiff learned that the restaurant manager had accused her husband of not paying and attempted to eject him from the premises. Thereafter, security arrived.

10.    Plaintiff explained that her husband was with her and her parents. She further informed security that her parents had secured the table for four individuals.

11.    Security continued to harass plaintiff and her family.

12.    Security attempted to grab plaintiff.

13.    During the course of these discussions, the security guards in the area "trapped"

2

plaintiff and her family at the table.

14.     The security guards also harassed and accosted plaintiff.

15.     Plaintiff and her family continued to explain that the four of them were appropriately in the buffet and had been registered and given a table for four individuals. Despite this explanation, defendants' security guards continued to harass and confine plaintiff.

16.     After a significant amount of time wherein plaintiff and her family were harassed and accosted, a few security guards left the area.

17.     The remaining security guards demanded that plaintiff and her family remain at the property so the incident could be further investigated.

18.     Plaintiff and her family members were forced to remain at the premises and were not free to leave while security insisted that they fill out incident statements.

19.     After a significant period of time, plaintiff and her family were permitted to leave the premises.

20.     Plaintiff has not been able to return to the premises since the incident.

## FIRST COUNT

1.     Plaintiff repeats and realleges each and every allegation contained above as if set forth at length herein and make them part of this Count.

2.     At all times relevant hereto, the actions of defendants, its agents, servants, and employees constitute harassment.

3.     At all times relevant hereto, defendants' agents, servants, and employees acted on behalf of defendants. As such, defendants are vicariously liable for the actions of its agents, servants, and employees.

4.     As a result of the aforementioned actions of the defendants by and through its

3

agents, servants, and employees, plaintiff has suffered damages.

**WHEREFORE**, plaintiff demands judgment against defendants for compensatory damages, punitive damages, attorney's fees, interest and costs of suit.

## SECOND COUNT

1.      Plaintiff repeats and realleges each and every allegation contained above as if set forth at length herein and make them part of this Count.

2.      The aforementioned actions of the defendants by and through its agents, servants, and employees constitute negligence.

3.      As a result of the aforementioned negligence of the defendants by and through its agents, servants, and employees, plaintiff has suffered damages.

**WHEREFORE**, plaintiff demands judgment against defendants for compensatory damages, interest and costs of suit.

## THIRD COUNT

1.      Plaintiff repeats and realleges each and every allegation contained above as if set forth at length herein and make them part of this Count.

2.      Defendants by and through its agents, servants, and employees confined plaintiff to a room as part of the investigation of said false claims.

3.      Plaintiff was not permitted to leave.

4.      The aforementioned actions of the defendants by and through its agents, servants, and employees constitute false imprisonment.

5.      Plaintiff has suffered damages.

**WHEREFORE**, plaintiff demands judgment against defendants for compensatory damages, punitive damages, attorney's fees, interest and costs of suit.

## FOURTH COUNT

1.      Plaintiff repeats and realleges each and every allegation contained above as if set forth at length herein and make them part of this Count.

2.      Defendants by and through its agents, servants, and employees grabbed plaintiff.

3.      The aforementioned actions of the defendants by and through its agents, servants, and employees constitute an assault.

4.      Plaintiff has suffered damages.

*WHEREFORE*, plaintiff demands judgment against defendants for compensatory damages, punitive damages, attorney's fees, interest and costs of suit.

LIPARI & WALCOFF, LLC


Dated: November 13, 2020                    By: _Christopher S. Lipari_
                                            Christopher S. Lipari, Esquire
                                            Attorney for plaintiff


### CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that to my knowledge, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding. To my knowledge, no other action or arbitration procedure is contemplated. I have no knowledge at this time of the names of any other parties who should be joined in this lawsuit. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

LIPARI & WALCOFF, LLC


Dated: November 13, 2020                    By: _Christopher S. Lipari_
                                            Christopher S. Lipari, Esquire
                                            Attorney for plaintiff

5

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Christopher S. Lipari and Steven P. Scheffler are hereby designated as trial counsel in the within matter.

## DEMAND FOR ANSWER TO FORM C INTERROGATORIES

Plaintiff hereby demands that defendants answer Form C and/or C(2) (when applicable) Uniform Interrogatories as contained in Appendix II of the New Jersey Rules of Court in lieu of service of the interrogatories themselves pursuant to Rule 4:17-1(b)(ii).

## DEMAND FOR DISCOVERY OF INSURANCE

Demand is hereby made upon all parties to this action pursuant to Rule 4:10-2(b) for discovery of any and all policies of insurance covering defendants for the loss complained herein on the date of accident within 30 days from the date of service hereof.

## DEMAND FOR COMPLIANCE WITH RULES 1:5-a(a) and 4:17-4(c)

TAKE NOTICE that the undersigned attorney for plaintiff, demands, pursuant to the provisions of Rules 1:5-1(a) and 4:17-4(c), that each party serving pleadings or interrogatories and receiving responses thereto shall serve copies of all such pleadings, interrogatories, and responses thereto upon the undersigned and further, this is a continuing demand.

**LIPARI & WALCOFF, LLC**

Dated: November 13, 2020

By: _Christopher S. Lipari_
Christopher S. Lipari, Esquire
Attorney for plaintiff

# Civil Case Information Statement

## Case Details: ATLANTIC | Civil Part Docket# L-003764-20

**Case Caption:** SHETH KAJAL  VS HARRAH'S ATLANTIC CI TY

**Case Initiation Date:** 11/13/2020

**Attorney Name:** CHRISTOPHER SANTO LIPARI

**Firm Name:** LIPARI & WALCOFF, LLC

**Address:** 1301 S MAIN ST

PLEASANTVILLE NJ 082320000

**Phone:** 6096459400

**Name of Party:** PLAINTIFF : Sheth, Kajai

**Name of Defendant's Primary Insurance Company**

**(if known):** Unknown

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Kajal Sheth?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>11/13/2020</u>
Dated

<u>/s/ CHRISTOPHER SANTO LIPARI</u>
Signed

EXHIBIT "B"

# REILLY, MCDEVITT & HENRICH, P.C.

**PHILADELPHIA OFFICE**
WIDENER BUILDING
SUITE 410
ONE SOUTH PENN SQUARE
PHILADELPHIA, PA  19107
(215) 972-5200
FAX: (215) 972-0405

ATTORNEYS AT LAW
SUITE 310
3 EXECUTIVE CAMPUS
CHERRY HILL, NJ 08002
————
(856) 317-7180
FAX: (856) 317-7188
www.rmh-law.com

**DELAWARE OFFICE**
1013 CENTRE ROAD
SUITE 210
WILMINGTON, DE  19805
(302) 777-1700
FAX:  (302) 777-1705

Christine J. Viggiano
Member of the NJ and PA Bar
cviggiano@rmh-law.com

January 5, 2021

***<u>VIA ELECTRONIC & US MAIL</u>***
Christopher S. Lipari, Esquire
Lipari & Walcoff, LLC
1301 South Main Street
Pleasantville, NJ 08232

> **RE:**   **Vipin and Shobhana Sheth v. Harrah's Atlantic City**
>                 **Docket No. ATL-L-003765-20**

Dear Mr. Lipari:

Reference is made to the above captioned matter. Our firm represents Harrah's Atlantic City. Pursuant to New Jersey Court Rule 4:5-2, please provide a written statement of the amount of damages claimed, within the statutory five-day period.

Should you have any questions or comments, please do not hesitate to contact the undersigned.

Very truly yours,

**REILLY, MCDEVITT & HENRICH, P.C.**

By: /s/  Christine J. Viggiano
        Christine J. Viggiano

EXHIBIT "C"

**LIPARI & WALCOFF, LLC**
**Christopher S. Lipari, Esquire #019091997**
1301 South Main Street
Pleasantville, NJ 08232
(609) 645-9400
Attorneys for Plaintiff

|  |  |  |
|---|---|---|
| KAJAL SHETH, | : | SUPERIOR COURT OF NEW JERSEY |
|  | : | LAW DIVISION / ATLANTIC COUNTY |
| *Plaintiff(s)* | : |  |
| vs. | : | *Civil Action* |
|  | : |  |
| HARRAH'S ATLANTIC CITY | : | DOCKET NO: ATL-L-003764-20 |
| OPERATING COMPANY, LLC d/b/a | : |  |
| HARRAH'S RESORT ATLANTIC CITY; | : | **RESPONSE TO STATEMENT OF** |
| CAESARS ENTERTAINMENT, INC.; | : | **AMOUNT OF DAMAGES CLAIMED** |
| JOHN DOES (1-10); ABC | : |  |
| CORPORATIONS (1-10); XYZ | : |  |
| PARTNERSHIPS; Multiple, Fictitious | : |  |
| Persons and Entities; Jointly, Severally | : |  |
| and in the Alternative | : |  |
|  | : |  |
| *Defendant(s)* | : |  |
|  | : |  |

Please take notice that Plaintiff hereby demands Damages in the amount of $250,000.00.

**LIPARI & WALCOFF, LLC**

Dated: February 2, 2021

By:  *Christopher S. Lipari*
Christopher S. Lipari, Esquire
Attorney for plaintiff

1

EXHIBIT "D"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KAJAL SHETH,<br><br>                              **PLAINTIFF,**<br><br>       **vs.**<br><br>**HARRAH'S ATLANTIC CITY OPERATING COMPANY, LLC DBA HARRAH'S RESORT ATLANTIC CITY, CAESARS ENTERTAINMENT CORP, JOHN DOES (1-20), FICTITIOUS NAMES), ABC CORPORATIONS (1-10), XYZ PARTNERSHIPS; (FICTITIOUS NAMES)**<br><br>                              **DEFENDANTS,** | **CASE NO.** |

**PRAECIPE TO FILE NOTICE OF REMOVAL**

**TO:**   Christopher S. Lipari, Esquire          Clerk
         Lipari & Walcoff, LLC               Atlantic County Superior Court
         1301 South Main Street              1201 Bacharach Blvd
         Pleasantville, NJ 08232             Atlantic City, NJ 08401

     PLEASE TAKE NOTICE that pursuant to 28 U.S.C. Sect. 1446, Harrah's Atlantic City

Operating Company, LLC d/b/a Harrah's Resort Atlantic City and Caesars Entertainment, Inc.,

Defendants in the above captioned matter, has on February 11, 2021, filed its Notice of Removal,

a copy of which is attached hereto, in the office of the Clerk, United States District Court for the

District of New Jersey, Mitchell H. Cohen Building & U.S. Courthouse 4th & Cooper Streets,

Room 1050, Camden, NJ 08101.

                    Respectfully submitted,

                    **REILLY, MCDEVITT & HENRICH, P.C.**

                    By: __ /s/ *Tracey McDevitt Hagan*
                         Tracey McDevitt Hagan
                         Attorneys for Defendants,
                         Harrah's Atlantic City Operating Company, LLC

d/b/a Harrah's Resort Atlantic City and Caesars Entertainment, Inc.

Dated:

EXHIBIT "E"

**LIPARI & WALCOFF, LLC**
**Christopher S. Lipari, Esquire #019091997**
1301 South Main Street
Pleasantville, NJ 08232
(609) 645-9400
Attorneys for Plaintiff

| | |
|---|---|
| KAJAL SHETH, | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION / ATLANTIC COUNTY |
| *Plaintiff(s)* | : |
| | : |
| vs. | : *Civil Action* |
| | : |
| HARRAH'S ATLANTIC CITY OPERATING | : DOCKET NO: ATL-L- |
| COMPANY, LLC d/b/a HARRAH'S RESORT | : |
| ATLANTIC CITY; CAESARS | : **COMPLAINT, JURY DEMAND AND** |
| ENTERTAINMENT, INC.; JOHN DOES (1- | : **DESIGNATION OF TRIAL COUNSEL** |
| 10); ABC CORPORATIONS (1-10); XYZ | : |
| PARTNERSHIPS; Multiple, Fictitious Persons | : |
| and Entities; Jointly, Severally and in the | : |
| Alternative | : |
| | : |
| *Defendant(s)* | : |
| | : |

Plaintiff Kajal Sheth, by way of Complaint against the defendant(s), states:

## THE PARTIES

1.      Plaintiff Kajal Sheth is an individual residing in Atlantic County, New Jersey.

2.      At all times referred to in this Complaint, the defendants Harrah's Atlantic City
Operating Company, LLC d/b/a Harrah's Resort Atlantic City and Caesars Entertainment, Inc.
owned, operated, controlled, managed and/or maintained the premises known as 777 Harrah's
Boulevard, Atlantic City, New Jersey.

3.      At all times referred to this Complaint, the defendants John Does (1-10), ABC
Corporations (1-10), and XYZ Partnerships are fictitious entities set forth under the New Jersey
Court Rules which, at all times relevant hereto, owned, operated, controlled, maintained and/or
managed the premises known as 777 Harrah's Boulevard, Atlantic City, New Jersey.  Plaintiff,
despite due diligence, has not had sufficient time to identify the correct name of the entity and,

therefore, names same under the New Jersey Court Rule.  Plaintiff, in accordance with the Court

Rules, will substitute the correct identity upon discovery of same.

## **GENERAL ALLEGATIONS**

1.      On or about December 29, 2019, plaintiff was a business invitee at defendants'

premises.

2.      Plaintiff planned to enjoy a meal with her family at the hotel casino buffet.

3.      Plaintiff was accompanied by her husband, Cheyenne Rolls, father, Vipin Sheth,

and mother, Shobhana Sheth.

4.      Plaintiff's parents were preferred customers with defendants.

5.      As part of plaintiff's parents' preferred status, they were entitled to tickets to enter

the buffet.

6.      Plaintiff, her father, and her mother approached the registration area to pay and

enter the buffet.

7.      They were provided a table for four individuals and walked to their seats.

8.      While sitting at the table, plaintiff noticed that her husband, Cheyenne Rolls, was

speaking with the manager.

9.      Plaintiff learned that the restaurant manager had accused her husband of not

paying and attempted to eject him from the premises.  Thereafter, security arrived.

10.     Plaintiff explained that her husband was with her and her parents.  She further

informed security that her parents had secured the table for four individuals.

11.     Security continued to harass plaintiff and her family.

12.     Security attempted to grab plaintiff.

13.     During the course of these discussions, the security guards in the area "trapped"

plaintiff and her family at the table.

14.     The security guards also harassed and accosted plaintiff.

15.     Plaintiff and her family continued to explain that the four of them were appropriately in the buffet and had been registered and given a table for four individuals. Despite this explanation, defendants' security guards continued to harass and confine plaintiff.

16.     After a significant amount of time wherein plaintiff and her family were harassed and accosted, a few security guards left the area.

17.     The remaining security guards demanded that plaintiff and her family remain at the property so the incident could be further investigated.

18.     Plaintiff and her family members were forced to remain at the premises and were not free to leave while security insisted that they fill out incident statements.

19.     After a significant period of time, plaintiff and her family were permitted to leave the premises.

20.     Plaintiff has not been able to return to the premises since the incident.

## FIRST COUNT

1.     Plaintiff repeats and realleges each and every allegation contained above as if set forth at length herein and make them part of this Count.

2.     At all times relevant hereto, the actions of defendants, its agents, servants, and employees constitute harassment.

3.     At all times relevant hereto, defendants' agents, servants, and employees acted on behalf of defendants. As such, defendants are vicariously liable for the actions of its agents, servants, and employees.

4.     As a result of the aforementioned actions of the defendants by and through its

3

agents, servants, and employees, plaintiff has suffered damages.

**WHEREFORE**, plaintiff demands judgment against defendants for compensatory damages, punitive damages, attorney's fees, interest and costs of suit.

## SECOND COUNT

1.      Plaintiff repeats and realleges each and every allegation contained above as if set forth at length herein and make them part of this Count.

2.      The aforementioned actions of the defendants by and through its agents, servants, and employees constitute negligence.

3.      As a result of the aforementioned negligence of the defendants by and through its agents, servants, and employees, plaintiff has suffered damages.

**WHEREFORE**, plaintiff demands judgment against defendants for compensatory damages, interest and costs of suit.

## THIRD COUNT

1.      Plaintiff repeats and realleges each and every allegation contained above as if set forth at length herein and make them part of this Count.

2.      Defendants by and through its agents, servants, and employees confined plaintiff to a room as part of the investigation of said false claims.

3.      Plaintiff was not permitted to leave.

4.      The aforementioned actions of the defendants by and through its agents, servants, and employees constitute false imprisonment.

5.      Plaintiff has suffered damages.

**WHEREFORE**, plaintiff demands judgment against defendants for compensatory damages, punitive damages, attorney's fees, interest and costs of suit.

## FOURTH COUNT

1.      Plaintiff repeats and realleges each and every allegation contained above as if set forth at length herein and make them part of this Count.

2.      Defendants by and through its agents, servants, and employees grabbed plaintiff.

3.      The aforementioned actions of the defendants by and through its agents, servants, and employees constitute an assault.

4.      Plaintiff has suffered damages.

**WHEREFORE**, plaintiff demands judgment against defendants for compensatory damages, punitive damages, attorney's fees, interest and costs of suit.

**LIPARI & WALCOFF, LLC**

Dated: November 13, 2020                    By:   _Christopher S. Lipari_
                                            Christopher S. Lipari, Esquire
                                            Attorney for plaintiff

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that to my knowledge, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding.  To my knowledge, no other action or arbitration procedure is contemplated.  I have no knowledge at this time of the names of any other parties who should be joined in this lawsuit.  I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

**LIPARI & WALCOFF, LLC**

Dated: November 13, 2020                    By:   _Christopher S. Lipari_
                                            Christopher S. Lipari, Esquire
                                            Attorney for plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Christopher S. Lipari and Steven P. Scheffler are hereby designated as trial counsel in the within matter.

### DEMAND FOR ANSWER TO FORM C INTERROGATORIES

Plaintiff hereby demands that defendants answer Form C and/or C(2) (when applicable) Uniform Interrogatories as contained in Appendix II of the New Jersey Rules of Court in lieu of service of the interrogatories themselves pursuant to Rule 4:17-1(b)(ii).

### DEMAND FOR DISCOVERY OF INSURANCE

Demand is hereby made upon all parties to this action pursuant to Rule 4:10-2(b) for discovery of any and all policies of insurance covering defendants for the loss complained herein on the date of accident within 30 days from the date of service hereof.

### DEMAND FOR COMPLIANCE WITH RULES 1:5-a(a) and 4:17-4(c)

TAKE NOTICE that the undersigned attorney for plaintiff, demands, pursuant to the provisions of Rules 1:5-1(a) and 4:17-4(c), that each party serving pleadings or interrogatories and receiving responses thereto shall serve copies of all such pleadings, interrogatories, and responses thereto upon the undersigned and further, this is a continuing demand.

**LIPARI & WALCOFF, LLC**

Dated: November 13, 2020

By: *Christopher S. Lipari*
Christopher S. Lipari, Esquire
Attorney for plaintiff

# Civil Case Information Statement

## Case Details: ATLANTIC | Civil Part Docket# L-003764-20

**Case Caption:** SHETH KAJAL  VS HARRAH'S ATLANTIC CI TY

**Case Initiation Date:** 11/13/2020

**Attorney Name:** CHRISTOPHER SANTO LIPARI

**Firm Name:** LIPARI & WALCOFF, LLC

**Address:** 1301 S MAIN ST

PLEASANTVILLE NJ 082320000

**Phone:** 6096459400

**Name of Party:** PLAINTIFF : Sheth, Kajal

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Kajal Sheth?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

| 11/13/2020 | /s/ CHRISTOPHER SANTO LIPARI |
|---|---|
| Dated | Signed |

```
ATLANTIC COUNTY LAW DIVISION
SUPERIOR COURT OF NEW JERSEY
1201 BACHARACH BLVD
ATLANTIC CITY    NJ 08401
                              TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 402-0100
COURT HOURS  8:30 AM - 4:30 PM


                    DATE:   NOVEMBER 13, 2020
                    RE:     SHETH KAJAL  VS HARRAH'S ATLANTIC CI TY
                    DOCKET: ATL L -003764 20


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON STANLEY L. BERGMAN

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      003
AT:  (609) 402-0100 EXT 47810.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: CHRISTOPH S. LIPARI
                              LIPARI & WALCOFF, LLC
                              1301 S MAIN ST
                              PLEASANTVILLE    NJ 08232


ECOURTS
```

**Superior Court of New Jersey Law Division Atlantic County**

| | |
|---|---|
| Plaintiff:  **KAJAL SHETH** | **AFFIDAVIT OF SERVICE** |
| **v s .** | |
| Defendant:  **HARRAH'S ATLANTIC CITY OPERATING COMPANY, ET AL** | Case No: ATL-L-003764-20 |

Legal documents received by For Sure Legal Services, Inc. on the 20th November, 2020 at 11:55 PM to be served on:

**HARRAHS RESORT ATLANTIC CITY**
777 HARRAH'S BLVD
ATLANTIC CITY, NJ 08401

I, **Michael Clark**, being duly sworn, swear and affirm that on the **7th December, 2020 at 02:03 PM**, I did the following:

**Corporate Serve:** By personally handing copy of the **SUMMONS & COMPLAINT** to **DINA BROWN, AUTHORIZED PERSON**, at **777 HARRAH'S BLVD, ATLANTIC CITY, NJ 08401** at approximately **02:03 PM** on 7th December, 2020.

**Description of Person Accepting Service:**
Female, White, Approx. Age: 45 years, Approx. Height: 5 ft 4 in., Approx. Weight: 125 lbs.

**Supplemental Data Appropriate to this Service:**

I HEREBY CERTIFY that I am 18 years of age or older and have no interest in the above legal matter. I SOLEMNLY AFFIRM under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge information and belief.

x _Michael Clark_
Michael Clark
For Sure Legal Services, Inc.
250 Woodlake Drive
Holland, PA, 18966
(267) 249-2170
LIPARI & WALCOFF, LLC
1301 S. MAIN STREET
PLEASANTVILLE, NJ 08232
(609) 645-9400
Job ID#: 168499

Subscribed and sworn to me on the
9th  day of December  , 2020
by the affiant who is personally known to
me or produced identification.

x _Lauren Clark_
NOTARY PUBLIC

**COMMONWEALTH OF PENNSYLVANIA**
NOTARIAL SEAL
LAUREN CLARK, Notary Public
Northampton Twp., Bucks County
My Commission Expires December 21, 2020

168499   168499   168499   168499   168499   168499

**REILLY, MCDEVITT & HENRICH, P.C.**
**BY: DAMIAN S. JACKSON, ESQUIRE**
    **IDENTIFICATION NO.: 359692020**
    **CHRISTINE J. VIGGIANO, ESQUIRE**
    **IDENTIFICATION NO.: 143402015**
**3 EXECUTIVE CAMPUS, SUITE 310**
**CHERRY HILL, NEW JERSEY  08002**
**(856) 317-7180**
**ATTORNEY FOR DEFENDANTS,**
**HARRAH'S ATLANTIC CITY**
**OPERATING COMPANY, LLC**
**DBA HARRAH'S RESORT**
**ATLANTIC CITY and**
**CAESARS ENTERTAINMENT CORP**

| | |
|---|---|
| **KAJAL SHETH,**<br><br>             **PLAINTIFF,**<br><br>    **vs.**<br><br>**HARRAH'S ATLANTIC CITY OPERATING COMPANY, LLC DBA HARRAH'S RESORT ATLANTIC CITY, CAESARS ENTERTAINMENT CORP, JOHN DOES (1-20), FICTITIOUS NAMES), ABC CORPORATIONS (1-10), XYZ PARTNERSHIPS; (FICTITIOUS NAMES)**<br>             **DEFENDANTS,** | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION – ATLANTIC COUNTY**<br><br>**DOCKET NO. # ATL-L-3764-20**<br><br>**Civil Action**<br><br>**DEFENDANTS HARRAH'S ATLANTIC CITY OPERATING COMPANY, LLC DBA HARRAH'S RESORT ATLANTIC CITY and CAESARS ENTERTAINMENT CORP.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants, Harrah's Atlantic City Operating Company, LLC d/b/a Harrah's Resort Atlantic City and Caesars Entertainment, Inc. ("Answering Defendants"), denies each and every averment of Plaintiff's Complaint and states more fully as follows:

## THE PARTIES

1.    Denied.  After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments of this paragraph, therefore, denies same and demands strict proof thereof at Trial.

2.      Admitted in part, denied in part. It is admitted only that Harrah's Atlantic City Operating Company, LLC d/b/a Harrah's Resort Atlantic City is located at 777 Harrah's Boulevard, Atlantic City, New Jersey. The remaining averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

3.      Denied.  The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

## **GENERAL ALLEGATIONS**

1.      Denied.   After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments of this paragraph, therefore, denies same and demands strict proof thereof at Trial.

2.      Denied.   After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments of this paragraph, therefore, denies same and demands strict proof thereof at Trial.

3.      Denied.   After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments of this paragraph, therefore, denies same and demands strict proof thereof at Trial.

4.      Denied.   After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments of this paragraph, therefore, denies same and demands strict proof thereof at Trial.

5.     Denied.   After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments of this paragraph, therefore, denies same and demands strict proof thereof at Trial.

6.     Denied.   After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments of this paragraph, therefore, denies same and demands strict proof thereof at Trial.

7.     Denied.   After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments of this paragraph, therefore, denies same and demands strict proof thereof at Trial.

8.     Denied.   After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments of this paragraph, therefore, denies same and demands strict proof thereof at Trial.

9.     Denied.   After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments of this paragraph, therefore, denies same and demands strict proof thereof at Trial.

10.     Denied.   After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments of this paragraph, therefore, denies same and demands strict proof thereof at Trial.

11.     Denied.   After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments of this paragraph, therefore, denies same and demands strict proof thereof at Trial.

12.     Denied.   After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments of this paragraph, therefore, denies same and demands strict proof thereof at Trial.

13.     Denied.   After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments of this paragraph, therefore, denies same and demands strict proof thereof at Trial.

14.     Denied.   After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments of this paragraph, therefore, denies same and demands strict proof thereof at Trial.

15.     Denied.   After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments of this paragraph, therefore, denies same and demands strict proof thereof at Trial.

16.     Denied.   After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments of this paragraph, therefore, denies same and demands strict proof thereof at Trial.

17.     Denied.   After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments of this paragraph, therefore, denies same and demands strict proof thereof at Trial.

18.     Denied.   After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments of this paragraph, therefore, denies same and demands strict proof thereof at Trial.

19.     Denied.    After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments of this paragraph, therefore, denies same and demands strict proof thereof at Trial.

20.     Denied.    After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments of this paragraph, therefore, denies same and demands strict proof thereof at Trial.

## FIRST COUNT

1.     Answering Defendants repeat and incorporate each and every answer to the preceding paragraphs as if same were set forth herein at length.

2.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

3.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

4.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

**WHEREFORE**, Answering Defendants deny liability to Plaintiff, and demand judgment in its favor together with attorneys' fees and costs of suit.

## SECOND COUNT

1.     Answering Defendants repeat and incorporate each and every answer to the preceding paragraphs as if same were set forth herein at length.

2.      Denied.  The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

3.      Denied.  The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

**WHEREFORE**, Answering Defendants deny liability to Plaintiff, and demand judgment in its favor together with attorneys' fees and costs of suit.

## THIRD COUNT

1.      Answering Defendants repeat and incorporate each and every answer to the preceding paragraphs as if same were set forth herein at length.

2.      Denied.  The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

3.      Denied.   After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments of this paragraph, therefore, denies same and demands strict proof thereof at Trial.

4.      Denied.  The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

5.      Denied.  The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

**WHEREFORE**, Answering Defendants deny liability to Plaintiff, and demand judgment in its favor together with attorneys' fees and costs of suit.

## FOURTH COUNT

1.　Answering Defendants repeat and incorporate each and every answer to the preceding paragraphs as if same were set forth herein at length.

2.　Denied.　After reasonable investigation, Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments of this paragraph, therefore, denies same and demands strict proof thereof at Trial.

3.　Denied.　The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

4.　Denied.　The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

**WHEREFORE**, Answering Defendants deny liability to Plaintiff, and demand judgment in its favor together with attorneys' fees and costs of suit.

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief can be granted as to Answering Defendants, and Answering Defendants reserve the right to move, at or before the time of trial, to dismiss the Complaint for failure to state a claim upon which relief can be granted.

## SECOND SEPARATE DEFENSE

This court lacks jurisdiction over the person or this Answering Defendants by reason of insufficiency of process and Answering Defendants reserve the right to move at or before the time of trial for a dismissal of the Complaint on the ground of lack of jurisdiction because of insufficiency of process and/or service.

## THIRD SEPARATE DEFENSE

The Complaint is barred by the applicable Statute of Limitations.

## FOURTH SEPARATE DEFENSE

The Court lacks in personam jurisdiction over this Answering Defendants, and Answering Defendants reserve the right to quash service of the Summons and Complaint.

## FIFTH SEPARATE DEFENSE

Answering Defendants obtained a release from the Plaintiff and said release is a complete bar to the claims for relief set forth in Plaintiffs' Complaint.

## SIXTH SEPARATE DEFENSE

Answering Defendants violated no legal duty owed to the Plaintiff.

## SEVENTH SEPARATE DEFENSE

Plaintiff and/or Third-Parties are guilty of the negligence which was the proximate cause of Plaintiff's alleged damages.

## EIGHTH SEPARATE DEFENSE

Plaintiff and/or Third-Parties are guilty of contributory negligence.

## NINTH SEPARATE DEFENSE

Plaintiff is guilty of comparative negligence of a greater degree than the negligence of Answering Defendants, which is denied.

### TENTH SEPARATE DEFENSE

The alleged damages sustained by Plaintiff is the proximate result of the acts and/or omissions of parties over which Answering Defendants exercised no control.

### ELEVENTH SEPARATE DEFENSE

This accident resulted from circumstances and conditions beyond the control of Answering Defendants.

### TWELFTH SEPARATE DEFENSE

Answering Defendants are not guilty of any negligence.

### THIRTEENTH SEPARATE DEFENSE

Plaintiff's alleged damages were the result of acts of Plaintiff and/or other persons which constitute intervening and/or superseding causes and Plaintiff's claims against Answering Defendants are barred.

### FOURTEENTH SEPARATE DEFENSE

The alleged damages sustained by Plaintiff were caused by criminal acts of parties which were not foreseeable and not preventable by Answering Defendants.

### FIFTEENTH SEPARATE DEFENSE

Answering Defendants did not owe a duty to Plaintiff and Plaintiff's action is barred.

### SIXTEENTH SEPARATE DEFENSE

Answering Defendants reserve the right to amend its answer and to insert additional defenses and/or supplement, alter or change its answer upon the revelation of more definite facts by the Plaintiff and upon the completion of further discovery and investigation.

## SEVENTEENTH SEPARATE DEFENSE

Plaintiff's Complaint, in whole or in part, is barred by the doctrine of collateral estoppel or res judicata.

## EIGHTEENTH SEPARATE DEFENSE

Plaintiff's relief is barred, limited or reduced by the provisions of N.J.S.A. 2A:15-97, prohibiting double recovery of damages.

## NINETEENTH SEPARATE DEFENSE

Any damages or injuries which may have been sustained by the Plaintiff were the result of an unavoidable accident insofar as the Answering Defendants is concerned.

## TWENTIETH SEPARATE DEFENSE

Any liability which might otherwise be imposed upon the Answering Defendants must be reduced by the application of the Standard of Comparative Negligence mandated by N.J.S.A. 59:9-4.

## TWENTY-FIRST SEPARATE DEFENSE

Negligence, if any, on the part of Answering Defendants was not the proximate cause of any damages or injuries which may have been sustained by Plaintiffs.

## TWENTY-SECOND SEPARATE DEFENSE

The claims of Plaintiff are barred as the injuries, losses or damages incurred by Plaintiff, if any, were the result of intervening and superseding causes and, as such, any actions or omissions on the part of the Answering Defendants were not the proximate cause of Plaintiff's alleged losses.

## TWENTY-THIRD DEFENSE

If Answering Defendants are liable to any extent, which is denied, it is only severally

liable and, therefore, not liable for the negligence or fault of any other person or entity which was a proximate cause of the alleged injury and damage.

### TWENTY-FOURTH DEFENSE

Plaintiff and/or other Third-Parties, over which Answering Defendants exercised no control, are guilty of negligent supervision.

### TWENTY-FIFTH DEFENSE

The incident which forms the basis of this litigation and which allegedly caused injuries and damages to the Plaintiff was proximately caused or contributed to by the fault of third persons not parties to this litigation. The responsibility of these parties and the right of the Plaintiff to recover in this litigation can only be determined after the percentages of responsibility of all parties is determined whether or not parties to this litigation. Accordingly, Answering Defendants seek adjudication of the percentage of fault of the Plaintiff and each and every other person whose fault contributed to the injuries and damages alleged.

### TWENTY-SIXTH DEFENSE

The Plaintiff has failed to join necessary and essential parties.

### TWENTY-SEVENTH DEFENSE

Answering Defendants reserve the right to assert additional defenses should the proof of such be revealed during discovery establish a basis for any additional affirmative defenses.

### TWENTY-EIGHTH DEFENSE

Plaintiff knowingly and voluntarily assumed any and all risks associated with the matters alleged in the Complaint. Pursuant to the doctrines of assumption of the risk or informed consent, this conduct bars in whole or in part the damages that Plaintiffs seek to recover herein.

**TWENTY-NINTH DEFENSE**

There was reasonable and probable cause to file a criminal Complaint against Plaintiff.

**THIRTIETH DEFENSE**

Answering Defendants were not malicious, reckless, or careless in any way.

**THIRTY-FIRST DEFENSE**

Answering Defendants did not act in a retaliatory manner toward plaintiff.

**NOTICE OF FRIVOLOUS LITIGATION**

The Complaint is frivolous and violates N.J.S.A. 2A:15-59.1 and Civil Practice Rule 1:4-8.  Notice is hereby given to Plaintiff pursuant to Rule 1:4-8(b):

    i.    The Complaint is believed to violate the provisions of Rule 1:4-8 and N.J.S.A. 2A:15-59.1.

    ii.    The basis for the belief that the Complaint is frivolous stems from the facts of this matter and Separate Defenses listed above.

    iii.    Please accept this as a formal demand that the Complaint be withdrawn and dismissed as to the Answering Defendants.

    iv.    Please take notice that an application for sanctions will be made within a reasonable time if the Complaint is not withdrawn within twenty-eight (28) days of service of this written demand.

**RESERVATION OF MOTION TO STRIKE**

Answering Defendants hereby reserves the privilege of moving to strike the return of service in the captioned matter and the Complaint because of the failure of Plaintiff to gain personal jurisdiction, because of insufficiency of service of process and because the Court does not have jurisdiction over the defendants in this matter.

## DEMAND PURSUANT TO RULE 4:17-4

Demand is hereby made pursuant to Rule 4:17-4 for copies of all interrogatory answers completed in this matter.

## DEMAND FOR DISCOVERY

Please take notice of the undersigned attorney, counsel for the defendant, hereby demands pursuant to provisions of R. 1:5-1(a) and 4:17-4(a), that each party serving a pleadings, interrogatories and receiving a responses of thereto, shall serve copies of all such pleadings, interrogatories, responses thereto upon the undersigned, and further TAKE NOTICE that this is a continuing demand.

## DEMAND FOR FORM INTERROGATORIES

Answering Defendants hereby request Plaintiff answer all questions in the Form-A Uniform Interrogatories found in Appendix II of the rules governing the courts of the State of New Jersey within the time provided in accordance with R. 4:17-4.  Answering Defendants further requests that all parties supply copies of any and all answers to interrogatories which are therefore provided to all other parties in this action.  Please note this is a continuing request.

## JURY DEMAND

Answering Defendants hereby demand a trial by jury.

## DEMAND FOR INSURANCE COVERAGE

Please take notice that the Answering Defendants hereby request that Plaintiff shall furnish information concerning the existence and contents of any and all insurance agreements under which any insurance company may or shall be liable to satisfy all or part of any judgment which may be entered in this action, or to indemnify, or reimburse for payments made to satisfy

the judgment, or for the payment of any medical fees or other reimbursements to any party to this action for injuries and damages alleged to have been sustained herein.  This information shall include, name and address of insurance company; policy number; effective dates of the policy; policy limits and types of coverage available there under; separate claim number (if applicable); and legible copy of declaration page.  This demand is made pursuant to R. 4:10-2 and 4:17-1 et. seq.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Damian S. Jackson, Esquire is designated trial counsel.

## CERTIFICATION PURSUANT TO R. 4:5-1

Following my initial review of this matter, it appears that there are no other actions or arbitrations related to this suit pending or presently contemplated.

**REILLY, MCDEVITT & HENRICH, P.C.**

By: _Christine J. Viggiano_
     Damian S. Jackson, Esquire
     Christine J. Viggiano, Esquire
     Attorneys for Defendants,
     Harrah's Atlantic City Operating Company, LLC
     d/b/a Harrah's Resort Atlantic City and Caesars
     Entertainment, Inc.

Dated: 1/8/2021

## <u>CERTIFICATION PURSUANT TO R. 4:6</u>

I hereby certify that a copy of this Answer to Plaintiff's Complaint has been served and

filed within the time prescribed by <u>R</u>. 4:6.

**REILLY, MCDEVITT & HENRICH, P.C.**

By: <u>*Christine J. Viggiano*</u>
          Damian S. Jackson, Esquire
          Christine J. Viggiano, Esquire
          Attorneys for Defendants,
          Harrah's Atlantic City Operating Company, LLC
          d/b/a Harrah's Resort Atlantic City and Caesars
          Entertainment, Inc.

Dated: <u>1/8/2021</u>

## PROOF OF MAILING

I, Christine J. Viggiano, Esquire, attorney for Defendants, Harrah's Atlantic City Operating Company, LLC d/b/a Harrah's Resort Atlantic City and Caesars Entertainment, Inc., do hereby certify that I caused the original of the within Answer to Plaintiffs' Complaint to be filed with the Superior Court of New Jersey, Atlantic County.   I also certify that copies of the within Answer and this Certificate of Service were served upon the following parties/counsel by first-class regular mail, postage prepaid:

**Counsel for Plaintiffs**
Christopher S. Lipari, Esquire
Lipari & Walcoff, LLC
1301 South Main Street
Pleasantville, NJ 08232

**REILLY, MCDEVITT & HENRICH, P.C.**

By: _Christine J. Viggiano_
       Damian S. Jackson, Esquire
       Christine J. Viggiano, Esquire
       Attorneys for Defendants,
       Harrah's Atlantic City Operating Company, LLC
       d/b/a Harrah's Resort Atlantic City and Caesars
       Entertainment, Inc.

Dated: 1/8/2021

# Civil Case Information Statement

## Case Details: ATLANTIC | Civil Part Docket# L-003764-20

**Case Caption:** SHETH KAJAL  VS HARRAH'S ATLANTIC CI TY

**Case Initiation Date:** 11/13/2020

**Attorney Name:** CHRISTINE JOAN VIGGIANO

**Firm Name:** REILLY MCDEVITT & HENRICH, PC

**Address:** 3 EXECUTIVE CAMPUS STE 310
CHERRY HILL NJ 08002

**Phone:** 8563177180

**Name of Party:** DEFENDANT : CAESAR'S ENTERTAINMENT, INC.

**Name of Defendant's Primary Insurance Company** (if known):

**Case Type:** PERSONAL INJURY

**Document Type:** Answer

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: KAJAL  SHETH? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/08/2021
Dated

/s/ CHRISTINE JOAN VIGGIANO
Signed



**SUPERIOR COURT OF NEW JERSEY
COUNTIES OF ATLANTIC AND CAPE MAY**

*VICINAGE 1*

*JOSEPH L. MARCZYK*
*Superior Court of New Jersey*
*Presiding Judge, Civil Division*

*1201 Bacharach Boulevard*
*Atlantic City, N.J. 08401*
*Tel. (609)402-0100, Ext. 47260*

November 1, 2019

RE:    Standing Order Regarding Exchange of Radiographic Studies

Dear Counsel:

In an effort to avoid unnecessary delays in discovery and to reduce the time to disposition in Track II (Auto/PI) cases, Vicinage I (Atlantic/Cape May Counties) will be implementing a new requirement for litigants with respect to the exchange of radiographic studies consistent with R. 4:17-4(f). A copy of the new Standing Order is attached to this letter.

It has been the experience of judges in this Vicinage that many of the delays in Track II cases stem from issues involving the exchange of radiographic studies. Accordingly, I have issued a Standing Order, effective November 1, 2019, requiring plaintiff's counsel to provide HIPAA authorizations for plaintiff's radiographic studies pursuant to R. 4:17-4(f) contemporaneously with plaintiff's answers to interrogatories. In the event plaintiff fails to provide the required HIPAA authorizations, the plaintiff shall, thereafter, be required to obtain copies of the radiographic studies that the plaintiff intends to utilize at trial and produce same to the defendant within twenty (20) days of the defendant's request.

Likewise, when a defendant obtains radiographic studies during the course of litigation that defendant intends to rely upon at the time of trial, defense counsel must notify plaintiff's counsel within ten (10) days of receiving same. This will ensure the timely exchange of radiographic studies so that both experts have the opportunity to review the relevant films in preparation for trial. Because plaintiffs can typically obtain free copies of their own films, defense counsel does not have to obtain copies for plaintiff as this would result in an unnecessary expense to plaintiff.

We anticipate that this procedure will reduce many of the recurring and unnecessary delays seen in many of our cases, while still assuring that all cases are adjudicated on the merits. The Court has discussed this proposal with several members of the bar and by and large the attorneys agree that this order will help move cases toward arbitration, trial and possibly settlement in a more timely manner.

Thank you for attention to this matter.

Very truly yours,

Joseph L. Marczyk, P.J.Cv.

JM/ec
Attachment

<u>**PREPARED BY THE COURT**</u>

| | | |
|---|---|---|
| IN RE: EXCHANGE OF RADIOGRAPHIC STUDIES FOR ALL TRACK II CASES IN VICINAGE ONE (ATLANTIC AND CAPE MAY COUNTIES) | : : : : : : : : : : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION ATLANTIC COUNTY AND CAPE MAY COUNTY<br><br>**STANDING ORDER 2019-1** |

This matter having been opened by the Court after taking judicial notice of unnecessary delays that are routinely encountered by litigants in the exchange of radiographic studies in Track II cases and pursuant to Court's responsibility for the expeditious processing of cases to disposition and for other good cause shown;

**IT IS** on this 1st day of November, 2019, **ORDERED** that:

1. In all Track II Cases in Vicinage I (Atlantic and Cape May Counties), if, pursuant to R. 4:17-4(f), plaintiff fails to provide, contemporaneously with plaintiff's answers to interrogatories, executed HIPAA authorizations for the release of plaintiff's radiographic studies that plaintiff intends to utilize at the time of trial, plaintiff shall, thereafter, upon request from the defendant, be responsible to obtain copies of the radiographic studies and provide said copies to the defendant within twenty (20) days of the request. Defendant shall be required to share equally in the cost of obtaining the films provided the films do not exceed $200.00. In the event the cost exceeds $200.00, plaintiff's attorney must communicate with defense counsel to determine if the defendant wants to share in the cost of the films or obtain same independently.

2. If, during the course of discovery, defendant obtains copies of any radiographic studies that defendant intends to utilize at the time of trial, defendant must notify Plaintiff's counsel within ten (10) days of obtaining the radiographic studies.

JOSEPH L. MARCZYK, P.J.Cv.